WALLACE, MULLER & CO. v. G. H. WOLD, ASSIGNEE.

ASSIGNEE'S LIABILITY ON ASSIGNOR'S CONTRACTS OF WHICH ASSIGNEE HAS NO NOTICE.

An assignee of an insolvent debtor is under no liability to a third person on a contract entered into by the latter with the assignor prior to the assignment, where the assignee has had no notice of such contract and no opportunity to perform thereunder for his assignor.

HEARD on Appeal.

SWING, J.

This cause comes here on appeal from the court of common pleas. The action in that court was by plaintiff against defendant, asking that he be compelled to allow the claim of plaintiff against his insolvent estate.

We think the judgment of this court should be for the defendant. The decision of Judge Sayler, in the court of common pleas, is before us. The facts are stated therein, and we approve his decision, desiring to add thereto simply the following:

When plaintiff and the assignors entered into the contracts in question, reciprocal rights and obligations were created when the assignors assigned to defendants their rights and obligations, now transferred to their assignee, and the assignors could in no way bind the assignee after that time. As to these contracts the evidence shows that the assignee had no knowledge of these contracts, and no communication was had between the plaintiff and defendant until after the resale of the goods, when plaintiff presented their claim against the estate.

Upon the assignment to Wold it is clear, upon principle and the authorities cited by both parties, particularly the case cited by plaintiff, *Diem* v. *Koblitz,* 49 O. S., 41, that Wold succeeded to the rights of the assignors and could have enforced this contract. Before the plaintiffs were in a condition to perform the contract, or offered to perform on their part, they had notice that the assignors had no further interest in the contract, but that the same had been assigned to another. This of course gave them the right to rescind the contract, unless the assignee had come forward and offered to perform in the place of the assignors. We are unable to see why the defendant, on principle, can be deprived of his right, which, in this case, was the right to enforce the contract made by the assignors, and at the same time be held liable on the contract when he was not at fault, he never having had any opportunity given him to perform. Suppose the assignors had not made an assignment in insolvency, but had signed the contract for value to A., of which fact the plaintiff had notice. Could plaintiff have held A. without offering to perform to A.? This is the case here, except the assignors, became insolvent.

But that insolvency simply gave the right to plaintiff to rescind the contract as to the assignors, with the right to enforce it or not, as their assignee as they might see fit. And, as to him, in this case, they saw fit to abandon it and resell the goods without giving him an opportunity to perform.

The principle here, we think, is distinguished from the case in *Home, assignee*, v. *Vinton Nat. Bk.*, 43 O. S., 346, in this, that in that case there was no assignment of any right or chose in action to the assignee. The obligation of the assignor was fixed. When he endorsed the note, he became liable to pay when the note was dishonored, and under fixed rules of law he was notified —not his assignee. The assignee had no interest in the note and took none by the assignment. It became a debt against the estate when the parties complied with the fixed rules of law, applicable to promissory notes.

But then the assignee took an interest in these contracts which he could have enforced, if plaintiffs had given him the opportunity, but they chose not to do so, and by so doing we are unable to see why they should hold him responsible, not having placed themselves in a position with regard to him showing their readiness and ability to perform.

Otto Pfleger, for plaintiff.

Wilby & Wald, contra.